IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS WELCH,

    Petitioner,               No. 2:06-cv-02338 ALA (HC)

    vs.

D.K. SISTO, Warden,

    Respondent.           ORDER

_____/

    Petitioner has filed an application for a review of the denial of a parole release date by the Board of Prison Terms ("BPT") on May 26, 2004. He claims *inter alia* that he was denied his right to due process under the Fourteenth Amendment.

    In his answer, Respondent advances two procedural challenges to this Court's authority to consider the merits of Petitioner's application. After reviewing the record, Petitioner's application must be dismissed because it was filed well beyond the one-year statute of limitations.

**I**

    In his answer, Respondent argues that this Court cannot reach the merits of Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) because he has failed to exhaust his administrative remedies with respect to each of his claims. Respondent has not

1

identified which claim was not fully exhausted in state court. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). As discussed below, none of Petitioner's claims merit federal habeas corpus relief. Accordingly, contrary to Respondent's contention, this Court has the power to consider the merits of Petitioner's claims, regardless of whether each was exhausted in the California court system.

## II

Respondent also contends that this Court cannot consider the merits of Petitioner's claims because his application is barred because he filed it 877 days after the BPT declined to set a parole release date—long after the expiration of the one-year Statute of Limitations set fourth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

In *Shelby v Bartlett*, 391 F.3d 1061 (9th Cir. 2004), the Ninth Circuit held that "§ 2244's one-year limitation period applies to all habeas corpus petitions filed by persons in 'custody pursuant to the judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges an administrative decision rather than a state court judgment." *Id.* at 1062. The Ninth Circuit also held in *Shelby* that "[u]nder subsection(D), the limitation period begins to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Id.* at 1066. In *Shelby*, the Ninth Circuit concluded that the factual bases of the petition was the parole board's denial of the petitioner's administrative appeal. *Id.*

Respondent asserts in the answer that Petitioner "did not file his Superior Court petition until October 15, 2004, 142 days after the May 26, 2004 decision he is challenging." Resp'ts

1  Answer at 17.  This argument ignores the fact that the BPT's decision was not final and
2  reviewable until September 23, 2004.  Section 2043 of the California Code of Regulations, Title
3  15 provides that "[a]ny proposed decision granting, modifying, or denying a parole date for a life
4  prisoner . . . shall become final no later than 120 days after the hearing at which the proposed
5  decision was made."  Therefore, the factual predicate for Petitioner's claims did not ripen or
6  become final on the date of the parole board's hearing.  Thus, Respondent's argument that 142
7  days of the one-year limitation period elapsed before Petitioner filed his claim in the Kern
8  County Superior Court is mistaken.  Petitioner filed his first state habeas corpus on October 15,
9  2004, twenty-two days after the date the BPT's decision became final.
10        Section 2244(4)(d)(2) provides that "[t]he time during which a properly filed application
11  for State post-conviction . . .  review with respect to the pertinent . . . claim is pending shall not
12  be counted toward any period of limitation under this subsection."  Petitioner sought post-
13  conviction review in the Kern County Superior Court, the Court of Appeal for the Fifth
14  Appellate District, and the California Supreme Court between October 15, 2004 and July 26,
15  2006, the date that the state's highest court summarily denied his petition for a writ of habeas
16  corpus.
17        Two-hundred and twenty-eight days elapsed between October 15, 2004 and the July 16,
18  2006, the date the California Supreme Court denied Petitioner's request for habeas corpus relief.
19  If the state court petitions for habeas corpus relief were properly filed, the period of time that
20  elapsed while they were pending was tolled pursuant to § 2244(d)(2).  Accordingly, only 108
21  days would have elapsed between the date the BPT's decision became final and the date
22  Petitioner filed his application for a writ of habeas corpus in this Court on October 20, 2006.
23        Respondent contends that Petitioner is not entitled to statutory tolling after April 19,
24  2005, the date the California Court of Appeals summarily denied his petition.  The record shows
25  that Petitioner waited 168 days after his petition was denied by the California Court of Appeal
26  before he filed his state habeas corpus petition before the California Supreme Court.  The

California Supreme Court summarily denied the petition relying on a string citation including *In re Robbins*, 18 Cal. 4th 770, 780 (1998).  The California Supreme Court did not explain why it concluded that *Robbins* supported its judgment.  In *Thorson v. Palmer*, 479 F.3d 643 (9th Cir. 2006) the Ninth Circuit held that "the California Supreme Court's citation to *Robbins* was a clear ruling that Thorson's petition was untimely."  *Id.* at 645.  In *Thorson*, the Ninth Circuit quoted the following passage from Justice Stevens concurring opinion in *Evans v. Chavis*, 546 U.S. 189 (2006): "The decision that a petition has been untimely filed need not be explicitly stated; citation to a case in which a petition was dismissed as untimely certainly would suffice." (Stevens, J., concurring) *Id.* at 207.

## CONCLUSION

The BPT's decision became final on September 23, 2004.  Petitioner filed his application in the Kern County Superior Court twenty-two days later on October 15, 2004.  Thus, twenty-two days of the one-year statute of limitations has elapsed by that date.

Petitioner filed his petition for a writ of habeas corpus in the California Court of Appeal after the Kern County Superior Court denied his petition.  The California Court of Appeal denied his petition on April 19, 2005.  Respondent concedes that the one-year statute of limitations was tolled while Petitioner sought post-conviction review of the BPT's decision in the Kern County Superior Court and the California Court of Appeal.

Petitioner did not file his petition before the California Supreme Court until October 4, 2005, 168 days after the California Court of Appeal denied his petition.  The California Supreme Court inferentially rejected his petition as untimely under *Robbins* on July 26, 2006.  An untimely petition is not "properly filed" for purposes of statutory tolling under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005).

Petitioner did not file his application in this Court until October 24, 2006.  Thus, his application was filed 464 days after his last timely petition for a state petition for a writ of habeas corpus was denied by a California Court.

1       Therefore, under compulsion of the California Supreme Court's decision in *Robbins*, and
2 the Ninth Circuit's decision in *Thorson*, it is HEREBY ORDERED that Petitioner's application
3 for habeas corpus relief is DENIED as time-barred pursuant to § 2244(d)(1). The clerk is
4 directed to enter judgment and close the case.
5 ////
6 DATED: August 12, 2008

7                                                 /s/ Arthur L. Alarcón
                                                  UNITED STATES CIRCUIT JUDGE
8                                                   Sitting by Designation