IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS WELCH,

    Petitioner,                    Case No. 2:06-cv-02338 ALA( HC)

    vs.

D.K. SISTO, Warden,

    Respondent.                ORDER

_____/

This Court denied Thomas Welch's ("Petitioner") application for a writ of habeas corpus because it determined that his petition was time-barred pursuant to 28 U.S.C. § 2244(d)(1). (Doc. 16). In response, Petitioner filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 18). Petitioner contends that the denial of his federal habeas petition was manifestly unjust. (*Id*.). Petitioner, however, has failed to demonstrate that his motion for reconsideration should be granted.

I

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, "a motion for reconsideration should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999). To succeed in a

motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987). A motion for reconsideration is not intended to be used to reiterate arguments, facts and law already presented to the court. *See United States v. Navarro*, 972 F.Supp. 1296, 1299 (E.D.Cal.1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir.1998) (explaining that motions for reconsideration are "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented").

Petitioner's motion for reconsideration is primarily a reiteration of arguments he has already presented. He asserts that his state petitions were "properly filed," and therefore he is entitled to statutory tolling of the Anti-terrorism Effective Death Penalty Act's ("AEDPA") one-year statute of limitations to file his federal petition. 28 U.S.C. § 2244(d)(2). In denying his application for habeas corpus relief, this Court concluded that Petitioner filed his federal petition 464 days after his last state habeas petition. Thus, he is precluded from federal habeas review under § 2244(d)(1).

I

State habeas petitions must be "properly filed" to toll the statute of limitations. 28 U.S.C. § 2244(d)(2). " 'Properly filed' means the petition's 'delivery and acceptance are in compliance with the applicable laws and rules governing filings' in that state." *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir.2005), *amended*, 439 F.3d. 993 (9th Cir.), *cert. denied*, 127 S.Ct. 132 (2006) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). An untimely state habeas petition is not "properly filed" under AEDPA. It will not toll the statute of limitations. *Id*. at 1149; *Evans v. Chavis*, 546 U.S. 189, 198 (2006).

The California Supreme Court found Petitioner's application for a writ of habeas corpus to be untimely pursuant to *In re Robbins*, 18 Cal.4th 770, 780,(1998). (Answer, Ex. 11); *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir.2007) (holding that citation to page 780 of *In re*

2

1   *Robbins* is a clear indication that the California Supreme Court found the habeas petition
2   untimely). "When a postconviction petition is untimely under state law, 'that [is] the end of the
3   matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting
4   *Carey v. Saffold*, 536 U.S.214, 226 (2002)).  Because the California Supreme Court denied
5   Petitioner's third petition as untimely, that petition was not "properly filed," and did not toll the
6   statute of limitations to file his federal petition. *Pace*, 544 U.S. at 417.

                                                    II

8          Petitioner argues that this Court's judgment was manifestly unjust because he was
9   entitled to statutory tolling of AEDPA's one-year statute of limitations.   He maintains that his
10  state petition was timely, and therefore "properly filed," because it was before the California
11  Supreme Court within one-year from the date that his administrative decision was final. (Mot.
12  for Recons. at 1).  Petitioner relies on  28 U.S.C. § 2244(d)(1) in support of this proposition.
13  (*Id*.).  His reliance on § 2244(d)(1) is misplaced because § 2244(d)(1) governs the one-year
14  statue of limitations to file his federal petition, and not the filing of a claim in a state's highest
15  court.  The issue of timeliness, as it pertains to the exhaustion of his state court remedies, is
16  governed by California's collateral review system.  Petitioner has failed to provide any authority
17  to support his contention that his petition to the California Supreme Court was timely under state
18  law.

19         Petitioner also argues that one portion of his petition to the California Supreme Court
20  was "properly filed."  Petitioner contends

> "The California Supreme Court's citation to In re Robbins . . . did
> not concern [his] claims challenging the parole board's judgment
> of denying parole because they were considered and denied on the
> merits based on In re Dannenberg . . . and In re Rosenkrantz.
> Instead, the citation to Robbins, might be related to Petitioner's
> claim challenging the breach of the plea agreement . . .

(Mot. for Recons. at 2).

           Petitioner also asserts that the California Supreme Court's inclusion of other state law

3

1   cases illustrates that his claim involving the Board of Prison Term's denial of parole was

2   initiated and considered on the merits regardless of the citations to *Robbins* (*Id*.)

3        In *Carey v. Saffold*, the United States Supreme Court found that a state court's judgment

4   that expressly denied a petition "on the merits and for lack of diligence," did not necessarily

5   indicate that the claims were deemed timely. 536 U.S. at 225.  The Court explained that

> [a] court will sometimes address the merits of a claim it believes
> was presented in an untimely way: for instance, where the merits
> present no difficult issue; where the court wants to give a
> reviewing court alternative grounds for decision; or where the
> court wishes to show a prisoner (who may not have a lawyer) that
> it was not merely a procedural technicality that precluded him
> from obtaining relief.

10  *Carey*, 536 U.S. at 225-226.

11  The Court also stated that "[i]f the California Supreme Court had clearly ruled that Saffold's

12  4 1/2-month delay was unreasonable, that would be the end of the matter, regardless of whether it

13  also addressed the merits of the claim, or whether its timeliness ruling was entangled with the

14  merits." *Id*. at 226.

15       Petitioner has failed to show he was entitled to statutory tolling of the statute of

16  limitations.  Accordingly, the Court HEREBY ORDERS that Petitioner's motion for

17  reconsideration be DENIED.

18  /////

19  DATED: October 3, 2008

20                                          /s/ Arthur L. Alarcón
                                        UNITED STATES CIRCUIT JUDGE

21                                          Sitting by Designation