IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS WELCH,

    Petitioner,   Case No. 2:06-cv-02338 ALA (HC)

    vs.

D.K. SISTO, Warden,

    Respondent.   <u>ORDER</u>

_____/

Thomas Welch ("Petitioner"), a state prisoner, proceeding in pro se in this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) has filed a notice of appeal from the denial of his application, and his request for reconsideration, as well as an application for a certificate of appealability.

On August 12, 2008, this Court denied Petitioner's application because it was time-barred pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), without reaching the merits of his federal constitutional claims.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Section 2253 of Title 28 provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which

1

the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

In the present case, the Court finds that, based on the controlling legal precedent cited in the order denying Petitioner's application, reasonable jurists would not find that this Court's determination that Petitioner is not entitled to habeas corpus relief is time-barred is debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing that the state court's dismissal of his federal constitutional claims on an adequate and independent state procedural ground was erroneous. Accordingly, the Court

1  declines to issue a certificate of appealability.

2       According, it is HEREBY ORDERED that Petitioner's request for a certificate of

3  appealability is DENIED,

4  /////

5  DATED:  November 4, 2008

6                                    /s/ Arthur L. Alarcón
                                      UNITED STATES CIRCUIT JUDGE
7                                     Sitting by Designation